# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Von McCubbin,<br><br>    Plaintiff,<br><br> vs.<br><br>Dilworth Police Officer Lane Monaghan, individually; Dilworth Police Officer Joel Brault, individually; and John and Jane Does 1-10, Defendants,<br><br>    Defendants. | Case No.<br>**Complaint**<br><br><br>Jury Trial Demanded<br>Fed. R. Civ. P. 38(b) |

This is a civil action brought under 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, to redress the deprivation under color of state law of rights secured by the Constitution. Plaintiff Jason Von McCubbin seeks damages and other relief for Defendants' unlawful entry into a private dwelling, warrantless seizure and arrest, an unreasonable search, and the use of excessive force. For his Complaint, McCubbin alleges as follows:

## PARTIES AND VENUE

1. Plaintiff Jason Von McCubbin is an individual and a resident of North Dakota.

2. Defendant Lane Monaghan was at all relevant times a police officer employed by the Dilworth Police Department and acted under color of state law. He is sued in his individual capacity.

3.      Upon information and belief, Monaghan is a resident of Minnesota.

4.      Defendant Joel Brault was at all relevant times a police officer employed by the Dilworth Police Department and acted under color of state law. He is sued in his individual capacity.

5.      Upon information and belief, Brault is a resident of Minnesota.

6.      Defendants John and Jane Does 1-10 are law enforcement officers, supervisors, or other individuals whose identities are presently unknown and who participated in, directed, or ratified the unconstitutional conduct described herein.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in Clay County, Minnesota.

## JURISDICTION

8.      McCubbin brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). These statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

## FACTUAL ALLEGATIONS

9.      On or about September 13, 2025, Dilworth Police Officer Lane Monaghan observed a male riding a bicycle in Dilworth, Clay County, Minnesota, whom he suspected to be McCubbin.

10.     Officer Monaghan and Officer Brault followed McCubbin after observing him fail to use a bicycle hand turn signal. McCubbin rode toward an apartment building,

entered the building, and Officer Monaghan followed him inside without activating emergency lights, siren, or otherwise commanding McCubbin to stop.

11.    Officer Monaghan caught up with McCubbin, tackled him in the apartment hallway, and handcuffed him.

12.    After the tackle and handcuffing, and before any confirmation of an arrest warrant, Officer Monaghan instructed Officer Brault to conduct a full search of McCubbin's person.

13.    Officer Brault searched McCubbin's person without a warrant.

14.    At the time of the hallway tackle, handcuffing, and search, the officers had not confirmed any active warrant for McCubbin's arrest through dispatch.

15.    The officers later confirmed a warrant through dispatch, and transported McCubbin to the Clay County Jail.

16.    At no point before entering the apartment building did Officer Monaghan announce an intent to arrest, activate emergency equipment, or take other affirmative steps that would constitute "hot pursuit" under controlling law.

17.    At no point did Officer Monaghan identify himself, or command McCubbin to stop before tackling him.

18.    McCubbin did not resist, was not armed, and did not pose an immediate threat to officer safety when he was tackled and handcuffed in the hallway.

19.    The search, seizure, arrest, and use of force described above were not supported by a warrant, probable cause existing at the time of the entry and seizure, exigent circumstances, or valid consent.

3

**COUNT I – 42 U.S.C. § 1983 - Unlawful Entry and Search – Fourth Amendment**

20.    McCubbin realleges and incorporates by reference the allegations in Paragraphs 1-19.

21.    Defendants, acting under color of state law, entered a private dwelling and conducted a warrantless search and seizure without exigent circumstances, consent, or any other exception to the warrant requirement.

22.    The warrantless entry and search violated clearly established Fourth Amendment rights and caused McCubbin injury.

23.    As a direct and proximate result of the acts of the Defendants, McCubbin suffered injuries and other harms that entitle him to attorney's fees as well as compensatory and punitive damages.

**COUNT II – 42 U.S.C. § 1983 – False Arrest and Unlawful Seizure – Fourth Amendment**

24.    McCubbin realleges Paragraphs 1-23.

25.    Defendants acted under color of state law while performing the acts described herein.

26.    Defendants arrested McCubbin without probable cause.

27.    The arrest and seizure were the direct result of Defendants' unlawful entry and conduct and violated Plaintiff's Fourth Amendment rights.

28.    McCubbin's arrest violated clearly established constitutional rights.

29.    As a direct and proximate result of the acts of the Defendants, McCubbin suffered injuries and other harms that entitle him to attorney's fees as well as compensatory and punitive damages.

**COUNT III – 42 U.S.C. § 1983 –  Excessive Force and Unreasonable Seizure – Fourth Amendment**

30.    McCubbin realleges Paragraphs 1-29.

31.    Defendants acted under color of state law while performing the acts described herein.

32.    Defendants used unreasonable and excessive force in tackling and handcuffing McCubbin in the hallway of a private dwelling when no lawful basis for such force existed.

33.    The use of force was objectively unreasonable under the circumstances and violated McCubbin's Fourth Amendment rights.

34.    Defendants' conduct violated clearly established constitutional rights.

35.    As a direct and proximate result of the acts of the defendant, McCubbin suffered injuries and other harms that entitle him to attorney's fees as well as compensatory and punitive damages.

## DAMAGES

36.    McCubbin suffered physical injury, loss of liberty, emotional distress, humiliation, reputational harm, and economic damages.

37.    Defendants acted maliciously or with reckless indifference to McCubbin's constitutional rights.

5

38.     McCubbin is entitled to compensatory and punitive damages.

39.     McCubbin is entitled to fully recover his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     That the Court find the Defendants liable for the claims asserted;

2.     A money judgment against the defendants for compensatory, punitive, and other damages, together with costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and prejudgment interest; and

3.     For any other relief that this Court may deem just and equitable.

## JURY DEMAND

McCubbin demands a trial by jury on all issues triable under Rule 38 of the Federal Rules of Civil Procedure.

Date: March 31, 2026

**RINGSTROM DEKREY PLLP**

*/s/ Jeffrey P. Sprout*
Dane DeKrey (MN #0397334)
Jeffrey P. Sprout (MN #0401603)
814 Center Ave., Ste. 5
Moorhead, MN 56560
P: (218) 284-0484
dane@ringstromdekrey.com
jeff@ringstromdekrey.com
*Attorneys for Plaintiff*